■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL MARTIN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 8, 1971, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. In our opinion the *Wade-Gilbert-Stovall* rules do not require the presence of counsel when the suspect of a crime is apprehended shortly after its commission and is brought back to the victim for identification (see *Russell* v. *United States*, 408 F. 2d 1280, cert. den. 395 U. S. 928; see, also, *People* v. *Logan*, 25 N Y 2d 184, 194; Sobel, J., Criminal Identification Methods, 38 Brooklyn L. Rev. 261, 268). The record in this case affords us a reasonable basis upon which we can conclude that there was no due process violation. The victim at bar testified that he had confronted defendant face-to-face perhaps a foot away under two nearby street lamps for two or three minutes. The complete description of defendant given to the police by the victim led to defendant's arrest about a block and a half from the scene of the crime about 35 minutes after it occurred. Shortly thereafter he was brought back to the victim for identification. The possibility of mistaken identity under such circumstances was minimal (*People* v. *Gonzalez*, 27 N Y 2d 53). We are of the

further opinion that under these circumstances the nexus between offense and identification had not yet become too attenuated for the admitted dangers in show-up confrontations to outweigh the strong countervailing policy considerations inherent in prompt show-ups (see *Russell* v. *United States, supra*; *Bates* v. *United States*, 405 F. 2d 1104). Munder, Acting P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.